UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUBEN WILLIAMS                                                   CIVIL ACTION

VERSUS                                                           NO. 20-3143

HOME DEPOT USA, INC.                                             SECTION: "G"(5)

## ORDER

Defendant Home Depot USA, Inc. ("Defendant") removed this action from the Civil District Court for the Parish of Orleans, State of Louisiana, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Finding that the Notice of Removal lacked sufficient information to support subject matter jurisdiction, the Court ordered Defendant to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal.[2] In response to the Court's order, Defendant filed a "Memorandum in Support of Removal" (the "Response").[3] Having considered the Notice of Removal, the Response, and the applicable law, the Court finds that Defendant has not established that the Court has subject matter jurisdiction over this matter. Accordingly, this case is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I. Background

This action arises out of an alleged slip and fall incident in New Orleans, Louisiana.[4] On September 23, 2020, Plaintiff Ruben Williams ("Plaintiff") filed a petition for damages the Civil

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 9.

[3] Rec. Doc. 10.

[4] Rec. Doc. 1-2.

1

District Court for the Parish of Orleans, State of Louisiana.[5] Plaintiff alleges that he was shopping at a Home Depot store in New Orleans when he "slipped due to a clear liquid on the floor."[6] On November 18, 2020, Defendant removed the case to this Court, asserting diversity jurisdiction.[7] On December 3, 2020, the Court found that the notice of removal lacked sufficient information to support subject matter jurisdiction, and the Court ordered Defendant to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal.[8] On December 17, 2020, Defendant filed the Response.[9]

In the Response, Defendant contends that in the Petition, Plaintiff alleges that he has suffered "serious injuries and damages . . . which required surgical repair."[10] Defendant asserts that Plaintiff also alleges that he is entitled to damages for present and future pain and suffering, disability, and medical expenses.[11] In addition, Defendant states that "[p]rior to suit filing, plaintiff reported the incident to a claims handler, indicating that he went to the emergency and was seeing an orthopedic doctor for back pain."[12]

Defendant argues that based upon these representations, Defendant conducted a "quantum research analysis" of "general damages typically awarded for surgeries" and found that "general

---

[5] *Id.*

[6] *Id.* at 1.

[7] Rec. Doc. 1.

[8] Rec. Doc. 9.

[9] Rec. Doc. 10.

[10] *Id.* at 1 (internal quotation omitted).

[11] *Id.* at 1–2.

[12] *Id.* at 2.

damages for surgeries . . . exceeds the jurisdiction [sic] requirement of $75,000."[13] In addition, Defendant asserts that "Plaintiff alleges in his petition that his damages exceed the requisite amount for a jury trial in Louisiana."[14]

## II. Legal Standard

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[15] The removing party bears the burden of demonstrating that federal jurisdiction exists.[16] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[17]

The Supreme Court has stated, "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."[18] Thus, if a plaintiff claims that he is seeking a sum less than $75,000, the burden is on the defendant to show that the plaintiff's claim was not made in good faith for the purpose of establishing that jurisdiction is proper in federal court.[19]

Likewise, under Fifth Circuit law, when the plaintiff alleges a damage figure in excess of

---

[13] *Id.*

[14] *Id.* at 3.

[15] *See* 28 U.S.C. § 1441(a).

[16] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[18] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

[19] *Id.*

the required amount in controversy, "that amount controls if made in good faith."[20] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[21] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[22]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[23] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[24] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[25] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[26]

### III. Analysis

Defendant argues that Plaintiff's allegations of injuries and "surgical repair" make it

---

[20] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[21] *Id.*

[22] *Id.*

[23] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[24] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[25] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[26] *Allen*, 63 F.3d at 1335.

facially apparent that the amount in controversy exceeds $75,000.[27] However, in the Court's December 3, 2020 Order, the Court explained why these unsupported assertions are insufficient to establish the amount in controversy.[28] In the Petition, Plaintiff alleges only that he sustained "painful personal injuries which required surgical repair."[29] Neither the Petition nor the Notice of Removal provide any additional information on the nature of the injuries sustained by Plaintiff, the type of "surgical repair" Plaintiff may need, or the cost of any such treatment.[30]

The Court gave Defendant an opportunity to submit summary-judgment-type evidence relevant to the amount in controversy, but Defendant has not submitted any evidence of the specific amount of damages incurred. Plaintiff's allegation that he sustained "painful personal injuries which required surgical repair," "unaccompanied by pertinent factual detail, 'simply provide[s] the usual and customary damages set forth by personal injury plaintiffs and do[es] not provide the Court with any guidance as to the actual monetary amount of damages.'"[31] Defendant's speculation regarding the amount of general damages Plaintiff could recover is insufficient to establish subject matter jurisdiction.[32]

The burden on removing defendants "to produce information" that the amount in controversy exceeds $75,000 is an "affirmative" one.[33] Moreover, the Fifth Circuit has made clear

---

[27] *See generally* Rec. Doc. 10.

[28] Rec. Doc. 9 at 3–4.

[29] Rec. Doc. 1-2 at 1.

[30] *See id.*; Rec. Doc. 1.

[31] *Maze v. Protective Insurance Co.*, 2017 WL 164420 at *4 (E.D. La. January 1, 2017) (quoting *Carver v. Wal-Mart Stores Inc.*, No. 08-42, 2008 WL 2050987, at *2 (M.D. La. May 13, 2018)).

[32] *Lee v. Standard Fire Ins. Co.,* No. CV 17-1088, 2017 WL 2983234, at *4 (E.D. La. July 7, 2017) (Brown, J.) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[33] *Simon*, 193 F.3d at 851 (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000." (internal

that Plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [Defendant] of [its] burden to support federal jurisdiction at the time of removal."[34] Accordingly, Defendant has not provided sufficient evidence that the amount in controversy is satisfied in this case.

### IV. Conclusion

For the reasons stated above, Defendant has not met its burden of establishing that the actual amount in controversy exceeds $75,000. Thus, based on the facts and evidence available at the time of removal, it appears that this Court lacks subject matter jurisdiction over this action. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 16th day of February, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

citation and quotation marks omitted)).

[34] *Id*.